■ In the Matter of JUAN J., a Person Alleged to be a Juvenile Delinquent, Appellant. [724 NYS2d 848] —Order of disposition, Family Court, New York County (Sheldon Rand, J.), entered on or about July 7, 1999, which adjudicated appellant a juvenile delinquent, upon a fact-finding determination that he had committed an act which, if committed by an adult, would constitute assault in the second degree, and placed him with the New York State Office of Children and Family Services for a period of 18 months, for limited secure placement, and order, same court (Mary Bednar, J.), entered on or about July 7, 1999, which adjudicated appellant a juvenile delinquent, upon a fact-finding determination that he had committed an act, which if committed by an adult, would constitute attempted assault in the third degree, and placed him with the

New York State Office of Children and Family Services for a concurrent period of 12 months, for limited secure placement, unanimously affirmed, without costs.

The courts' findings were based on legally sufficient evidence and were not against the weight of the evidence. There is no basis upon which to disturb the courts' determinations concerning credibility.

The complainant's supporting depositions were properly received in evidence on the ground that appellant forfeited his right of confrontation through misconduct. Clear and convincing evidence supported the court's determination that appellant, acting through fellow members of a gang, caused the unavailability of the complainant as a result of extensive threats and violence (*see, People v Cotto*, 92 NY2d 68, 75-77). The complainant was properly found to be unavailable because of his refusal to testify at appellant's fact-finding hearing. There was ample evidence, including appellant's own statements and conduct, establishing that appellant was a member of the gang in question. Concur—Nardelli, J. P., Tom, Andrias, Rubin and Marlow, JJ.